IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03240-M-RJ

MIGUEL ANTONIO MEZA-RODRIGUEZ,  )
                                )
        Plaintiff,               )
                                )
        v.                       )           ORDER
                                )
CHARLOTTE EVANS, et al.,         )
                                )
        Defendants.              )

This cause is before the court on various pending motions. [D.E. 36, 44, 45, 46, 54, 58].

Discussion:

Plaintiff seeks entry of default as to defendants Ford and Evans. See Mot. [D.E. 44]; Mot. [D.E. 45]. These defendants, however, timely answered. See [D.E. 27] (waiver of service, making Ford's answer due Sept. 30, 2024); [D.E. 47] (Ford's Sept. 30, 2024, answer); [D.E. 25] (summons returned, making Evans' answer due Aug. 16, 2024); Mot. [D.E. 33] (seeking extension of time for Evans to answer); Order [D.E. 34] (granting Evans an extension until Sept. 16, 2024); [D.E. 41] (Evans' Sept. 16, 2024, answer). Thus, the court DENIES the motions [D.E. 44, 45].

Next, the court turns to plaintiff's motion to amend his complaint. See Mot. [D.E. 54]. Although plaintiff requires the court's leave to amend, see Fed. R. Civ. P. 15(a)(2), a court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted).

Plaintiff's motion to amend seeks to expound upon his claims, especially as to defendant Lowry. Compare Am. Compl. [D.E. 13], with Mot. [D.E. 54]. The court does not discern any

bad faith by plaintiff, that any defendant would be prejudiced, or that the proposed amendment to the complaint is futile. Cf. Laber, 438 F.3d at 426. Accordingly, the court GRANTS IN PART this motion [D.E. 54] to the extent plaintiff seeks leave to further amend his complaint.

Because the court grants plaintiff's motion to amend, the court also will deny as moot both defendant Lowry's First Motion to Dismiss, Mot. [D.E. 36],[1] and plaintiff's motion to extend time to respond to defendant Lowry's First Motion to Dismiss, Mot. [D.E. 46].

The court now turns to plaintiff's motion to appoint counsel. See Mot. [D.E. 58]. Plaintiff asserts the new allegations in his motion to amend shed light on why he was denied medical attention at Bertie C.I., and he seeks "the opportunity to rewrite the whole amended complaint to include the new information." Id. at 1. Plaintiff also asks the court to provide him copies of the amended complaint and the motion to amend because his documents in this case "disappeared" when he was sent to segregation for fighting. Id. at 1–2. Plaintiff states that he taught himself to read and write in English and "only went to school for two years." Id. at 2.

There is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); see Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984) (noting exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it" (quotation omitted)), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 300 n.2 (1989). Exceptional circumstances exist where 1) "the plaintiff 'has a colorable claim,'" and 2)

---

[1] Although Lowry's memorandum in support of her motion to dismiss argues, *inter alia*, that plaintiff has not demonstrated his claims were fully exhausted via the prison grievance procedure before he filed this action, see Mem. [D.E. 37] at 4–5, the court reminds the parties that a plaintiff's purported failure to exhaust administrative remedies is an affirmative defense that defendants generally must plead and prove, see Jones v. Bock, 549 U.S. 199, 216–17 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361–63 (4th Cir. 2017).

2

"considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" Jenkins, 109 F. 4th at 247 (quotation omitted). To make this determination, a district court must assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. at 248.

Because plaintiff's claims, although nonfrivolous, are not difficult, and because his filings show his ability to adequately present them, the court DENIES IN PART this motion [D.E. 58] to the extent he seeks appointment of counsel. The court, however, GRANTS IN PART the motion to the extent plaintiff seeks leave to file a second amended complaint to add the allegations raised in his motion to amend. As a *final* one-time courtesy, see [D.E. 12], the court GRANTS IN PART the motion to the extent plaintiff seeks a copy of the amended complaint and his motion to amend.

Accordingly, the court DIRECTS plaintiff to file one amended complaint that complies with Federal Rule of Civil Procedure 8. See Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff should state precisely whom he seeks to name as defendants, connect these defendants with the conduct that resulted in the alleged constitutional violations, and avoid unnecessary details. Plaintiff should briefly mention specific events and correlating dates which are the basis for suit and the constitutional rights purportedly violated. This directive is not an invitation to make new claims against new defendants. Any amended complaint will be considered the complaint in its entirety; the court will not review earlier filings to discern misplaced claims. Any amended complaint also will be subject to initial review, see 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and severance of claims, if necessary, see Fed. R. Civ. P. 18(a), 20(a)(2).

## Conclusion:

In sum, the court:

- DENIES plaintiff's motions for entry of default as to Ford and Evans [D.E. 44, 45];

- GRANTS IN PART plaintiff's motion to the extent he seeks leave to amend [D.E. 54];

- DENIES AS MOOT defendant Lowry's First Motion to Dismiss [D.E. 36];

- DENIES AS MOOT plaintiff's motion for an extension of time to respond to defendant Lowry's First Motion to Dismiss [D.E. 46];

- DENIES IN PART plaintiff's motion [D.E. 58] to the extent he seeks appointment of counsel, but GRANTS IN PART the motion to the extent he seeks 1) leave to file a second amended complaint to incorporate the allegations in his motion to amend, and 2) a copy of his amended complaint and motion to amend which the clerk already sent via U.S. mail on January 23, 2025, under separate cover with stamps plaintiff provided;

- DIRECTS the clerk to send plaintiff the forms for filing an amended § 1983 complaint;

- DIRECTS plaintiff to file one amended complaint, as set forth above, not later than twenty-one (21) days from the date of this order;

- WARNS plaintiff that the court will dismiss this action without prejudice for failure to prosecute if he fails to file an amended complaint within the time permitted; and

- STAYS the answer deadline for all defendants pending the court's initial review of any amended complaint.

SO ORDERED this 27th day of January, 2025.

RICHARD E. MYERS II
Chief United States District Judge

4

Case 5:23-ct-03240-M-RJ     Document 59     Filed 01/27/25     Page 4 of 4